[No. 1184, September 2nd, 1908.]

UNITED STATES OF AMERICA, Appellee, v. JOHN MEYERS alias JOHN MAUS, Appellant.

SYLLABUS (BY THE COURT).

1. In an indictment for adultery under the Federal Statute, Act of March 3, 1887, 24 Stat. L. 635, against a married man it is not essential to allege that the woman with whom the offense is charged to have been committed was either a married or an unmarried woman.

2. Sections 3016, 3432, Comp. Laws, 1897, and Laws of 1901 and 1907, relating to the same subject, construed, and held that a wife is not admissible, over the husband's objection, as a witness against him in a prosecution for adultery under the Federal Statute.

Appeal from the District Court for the Second Judicial District before IRA A. ABBOTT, Associate Justice, Reversed and Remanded.

HICKEY & MOORE, for Appellant.

In an indictment for adultery under the Federal Stat-

United States v. Meyers.

ute against a married man it is essential to allege that the woman was either married or unmarried. Act of March 3, 1887, 24 U. S. Stat. L. 635; State v. Armstrong, 4 Minn. 256, 257, 335; 1 Cyc. 953, 954; State v. Smith, Ind., 47 N. E. 685; State v. Weatherby, 43 Me. 261; Smitherman v. State, 27 Ala. 23, 25; 1 A. & E. Enc. Law, 2 ed. 747; State v. Lash, 16 N. J., 1 Harr. 380; Com. v. Lafferty, 6 Gratt. 672; State v. Searle, 56 Vt. 516; 3 Bl. Com. 139; Buller, N. P. 26; Bac. Ab. Marriage and Divorce 569; Bennett, Vermont Justice 616; Waterman Notes to 2 Arch. Cr. Prac. & Pl., vol. 2, p. 1036; Baker v. Sherman, 73 Vt. 26, 50 Atl. 633; State v. Bisbee, 54 Atl. 1081; State v. Chandler, 96 Ind. 591; Hood v. State, 96 Ind. 263.

A wife is not admissible, over the husband's objection, as a witness against him in a prosecution for adultery. Cannon v. U. S., 116 U. S. 55, 71; Cong. Rec., March 15, 1882; U. S. v. Cannon, 7 Pac. 374, Utah; U. S. v. Musser, 7 Pac. 391, Utah; Miles v. U. S., 103 U. S. 304, 316; Laws of 1889, chap. 10, p. 13; Compiled Laws, 1897, secs. 3432, 3016; Laws of 1897, pp. 45, 46; Wood v. U. S.; U. S. v. Tynen, 11 Wall. 88; State v. Stoll, 17 Wall. 425; Thorpe v. Adams, L. R., 6 C. P. 135; Fitzgerald v. Champneys, 30 L. J. Ch. 782, 2 Johns & H. 31-54; ex parte Crow Dog, 109 U. S. 556, 570, 571; Hess v. Reynolds, 113 U. S. 79, 80; 1 Wetmore Ev., sec. 601; 4 Wetmore Ev., sec. 2228; Stein v. Bowman, 13 Pet. 209, 221, 222; State v. Ulrich, 110 Mo. 364; Bassett v. U. S., 137 U. S. 496; State v. Sloan, 55 Iowa 217; Lord v. State, 17 Neb. 526; State v. Armstrong, 4 Minn. 335; Compton v. State, 13 Tex. App. 274; Overton v. State, 43 Tex. 616; Stein v. Bowman, 38 U. S., 13 Pet. 209, 222; 24 Stat. L. 635.

Neither the laws of New Mexico nor the city ordinances passed thereunder make birth certificates evidence. C. L. 1897, secs. 2402, 3030; Met. L. Ins. Co. v. Anderson, Md., 29 Atl. 607; 1 Greenleaf Ev., sec. 493; Howard v. Bank, Ill., 59 N. E. 1108; Ordinances City of Albuquerque, 1905, secs. 343, 344; Hickey v. Morrissey, 50 Atl. 183.

The admission in evidence of a publication of the Gen-

eral Statutes of Kentucky of 1883, sec. 8, p. 515, fifteen years old at the time of the alleged marriage and twenty-three years old at the time of the trial, without any proof that it was of current authority, is error.

The court could not take judicial notice of the statute laws of Kentucky. They must be proved as facts in the case. Field v. Cain, 9 N. M. 285; Brackett v. Norton, 4 Conn. 520.

W. H. H. LLEWELLYN, E. L. MEDLER and DAVID J. LEAHY, for Appellee.

In an indictment for adultery under the Federal Statute, against a married man it is not essential to allege that the woman with whom the offense is charged was married or unmarried.

The wife is a competent witness to prove her marriage to defendant accused of adultery with another woman. Laws of 1897, ch. 22, secs, 1, 2; Act of March 3, 1887, 24 U. S. Stat. L. 635; Compiled Laws, 1897, sec. 3016; Potter's Dwarris, 140, 141.

Direct evidence is not necessary to prove adultery and certificates of birth of children born to couple living in adultery, may be admitted in evidence.

Failure to take out marriage license does not affect the validity of the marriage.

The Federal courts when exercising original jurisdiction take notice, without pleading or proof, of the Constitution and public statutes of every state and territory. Federal Statutes Annotated, vol. 1, p. 9.

OPINION OF THE COURT.

PARKER, J.—The defendant was convicted of the crime of adultery under the Federal Statute, commonly called the Edmunds-Tucker Act, which is in terms as follows:

"That whoever commits adultery shall be punished by imprisonment in the penitentiary not exceeding three years; and when the act is committed between a married woman and a man who is unmarried, both parties to such act shall be deemed guilty of adultery; when such act is committed between a married man and a woman who

United States v. Meyers.

is unmarried, the man shall be deemed guilty of adultery."
Act of March 3, 1887; 24 Stat. L. 635.

1. A demurrer was interposed to the indictment on
the ground that it failed to allege whether Rose Weil,
the woman with whom the offense is alleged to have been
committed, was either a married woman or an unmarried
woman. The demurrer was overruled and appellant as-
signs error. The contention of appellant is that the indict-
ment in failing to charge that the woman was married
failed to charge an offense under the first clause of the
statute for the reason that adultery at common law con-
sisted of unlawful sexual intercourse with a married wom-
an. We are aware that by the older writers and adjudged
cases such has been declared the law. But the better
view and the greater weight of authority seems to be
that adultery consists in the voluntary sexual inter-
course of a married person with one not the husband or
wife. Bish. Stat. Cr. (3rd Ed.) Secs. 654 A, 656; 1 Cyc.
952. Congress, in the second clause of the section above
quoted, has enlarged this definition so as to include an
unmarried man when his offense is with a married wom-
an, and in the last clause has seen fit to exclude the un-
married woman when her offense is with a married man.
This last clause adds nothing to consequence of such an
act on the part of the married man. It is therefore appar-
ent that the indictment sufficiently charges the offense
and the demurrer was properly overruled.

2. The wife of appellant was called, sworn as a wit-
ness and, over his objection, testified to the fact of mar-
riage and certain incriminating facts. This raises an
important question.

In 1889, the Legislature passed sec. 3432, Comp. Laws,
1897, which is as follows:—

"Hereafter the husband or wife of any defendant in
any trial of a prosecution for crime before any court or
officer authorized to hear or try said prosecution, shall be
a competent witness to testify in favor of, but not against,
such defendant: Provided, That such husband or wife
shall be a competent witness to testify against any such
defendant where the prosecution is for any unlawful assault

or violence forcibly committed by the defendant on the person of such witness."

This remained the law until 1897, when the Legislature passed the following act:—

"Section 1. Hereafter in the courts of this Territory no person offered as a witness shall be disqualified to give evidence on account of any disqualification known to the common law, but all such disqualifications may be shown for the purpose of affecting the credibility of any such witness and for no other purpose. Provided, however, etc.

"Section 2. This act shall take effect from and after its passage and all laws and parts of laws in conflict herewith are hereby repealed." See Laws 1897, pp. 45-46, compiled as Sec. 3016, C. L. 1897.

This act was re-enacted in 1901, with a different proviso, not relevant to this discussion, and was re-enacted in 1907 in the same form as originally passed in 1897.

It is claimed that the act of 1897 worked a repeal of the act of 1889 by necessary implication and we agree with the contention in so far as the two acts are in conflict. While the first act is specific and limited in its scope and object and would ordinarily not be repealed by implication by a subsequent general statute covering the same subject, still in this case the subsequent act uses negative terms and assumes to provide an exclusive rule for all cases. Therefore the earlier act will be held to be repealed to the extent of any direct conflict between the two. But the act of 1889 deals with both a disqualification and a privilege at common law. At common law the husband or wife were disqualified to testify for each other upon the ground of identity of interest or bias of affection. The witness spouse was disqualified to the same extent and for the same and some additional reason as was the party spouse. 1 Wig. Ev., secs. 600, 601, 603. But the privilege of one spouse to exclude the other from testifying against him, and the privilege to refuse to so testify, rest upon an entirely different principle. The privilege is founded upon the natural repugnance to compelling a husband or wife to be the means of the other's condemnation. This common law

United States v. Meyers.

privilege has been by Sec. 3432, Comp. Laws, 1897, above quoted, converted into a statutory disqualification, and in either form the same was not abrogated by Sec. 3016, Comp. Laws, 1897, that section dealing only with common law disqualifications. That part of Sec. 3432 referring to the disqualification has been superseded by Sec. 3016, and the subsequent acts above referred to, but the change is of no importance they all being of the same effect. It follows that the court was in error in admitting the wife of defendant as a witness against him over his objection. Other errors are assigned, but we do not deem it necessary to examine them. For the reasons stated the judgment of the lower court will be reversed and the cause remanded with directions to award a new trial, and it is so ordered.

### DISSENTING OPINION.

McFIE, J.—I am unable to agree to the conclusion of the majority of the court, that there was error in permitting the wife to testify in this case in as much she did not testify to confidential communications of her husband. If the witness was disqualified, it must be under the common law provision which made both husband and wife incompetent to testify for or against each other, except in cases of personal violence of one toward the other. The common law has been in force in this Territory for many years, except in such respects as it has been supplanted by statutory enactments, or unsuitable to our conditions.

By the act of March 3rd, 1887, 24th Statutes at Large 645, Congress set aside the common law rule by declaring the wife a competent witness to prove her marriage in cases of "bigamy, polygamy or unlawful cohabitation." These terms have been defined in several cases, and the meaning given them is not broad enough to include adultery.

It may be said, that this Act of Congress does not remove the common law disabilities of the wife in adultery cases; but, admitting such to be the case, the legislature is not thereby prohibited from enacting such legislation as will set aside the common law disabilities of husbands

and wives at its pleasure, as the legislature of a territory may enact laws upon all rightful subjects of legislation not prohibited by the constitution or laws of the United States. That the enactment of such laws is a rightful sub-ject of legislation, will be admitted without citation of authorities. Bassett v. United States, 137 U. S. 496. Coun-sel for the United States contend that the legislature of New Mexico has set aside the common law in this respect, by enacting laws removing the common law disqualifica-tions of husband and wife as witness for or against the other. At common law, as has been stated, both spouses were incompetent to testify for or against each other, with certain exceptions. In 1889, the legislature enacted a law, permitting the wife to testify for, but not against her husband; thus removing one of the common law disabil-ities of the wife. In 1897, the legislature enacted an-other law upon this subject, as follows:

"Be it enacted by the legislative assembly of the Terri-tory of New Mexico.

Section 1. Hereafter in the courts of this territory no person offered as a witness shall be disqualified to give evidence on account of any disqualification known to the common law, but all such common law disqualifications may be shown for the purpose of affecting the credibility of any such witness and for no other purpose.

Provided, however, that the presiding judge, in his discretion, may refuse to permit a child of tender years to be sworn, if, in the opinion of the judge, such child has not sufficient mental capacity to understand the nature and obligation of an oath.

Sec. 2. This act shall take effect from and after its passage and all laws and parts of laws in conflict here-with are hereby repealed." Laws of N. M. 1897, pp. 45-46; Sec. 3016, C. L. N. M. 1897.

This law was re-enacted in 1901, but with a different proviso but the language of the first section down to the proviso, is the same, and the proviso has no application to this case.

In declaring, as this law does, that hereafter in the courts of this territory, no person offered as a witness

United States v. Meyers.

shall be disqualified to give evidence on account of any disqualification known to the common law, the evident intention of the legislature was to completely set aside and supplant the common law in regard to the disqualifications of husbands and wives, and by the repealing clause, to repeal the act of 1889, which enacted into statute law, one of the disqualifications of the common law, there being a direct conflict.

It is suggested by counsel for the defendant, that this act does not apply to criminal prosecutions, but only to civil cases.    It is true, that the compilers of the laws in 1897, compiled the first section of this act as section 3016 of Chapter 14, Compiled Laws, a chapter largely applicable to civil cases, but this circumstance does not change the terms of this act, which contains no such limitation nor was it enacted   at the same time, nor by the same legislature which originally enacted the other sections of Chapter 14.

The act of 1897, by its terms, is applicable to witnesses in all the courts of this territory, and there is absolutely no limitation as to the cause in which they appear, as in the other sections of Chapter 14, C. L.

By other provisions of our laws, disqualifications on account of interest, conviction of crime, etc., have been swept away, showing a tendency upon the part of our legislature to remove these common law disqualifications, except in so far as they may go to the credibility of the witness.

Counsel for the defendant refer us to the case of Bassett v. United States, 137 U. S. 496, as supporting their contention that Mrs. Meyers was not a competent witness, and the court below erred in permitting her to testify over the objections of the defendant.

It is argued that because there is an act of congress modifying the rules of the common law in United States cases, that those disqualifications exist and apply to this case, notwithstanding the act of the legislature removing them. It will be observed that the case of Bassett v. United States, supra, is a criminal case, and involved adultery committed in Utah prior to its admission as a State.   It is apparent

from a reading of the case, that the Supreme Court of the United States recognized the power of the territorial legislature of Utah to change the common law rule as to the disqualification of witnesses, but the court holds that the statute of Utah did not do so. The court therefore, holds, the wife incompetent to testify as a witness as to admissions for her husband made during coverture, both at common law and under the Utah statute. Our statute above referred to, in specific terms changes the rules of the common law upon this subject, and this court, and also the Supreme Court of the United States recognize this power to exist in a Territorial Legislature. In our opinion the Territorial Law applies equally to civil and criminal cases and all of the courts.

There is an evident disposition on the part of the law makers to draw the line upon confidential communications between husband and wife and this is proper and ought to be privileged, but the enforcement of the criminal law is of the utmost importance, and to carry the matter of privilege to the extent of rendering a wife incompetent to testify, for instance, to a murder committed in her presence, by her husband, would, in a case where she was the sole witness, amount to a defeat of justice, that the legislature sought to avoid in the enactment of the statute in question.